UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHNNY FERREIRA; L. ENRIQUE LUGO,

                        Plaintiffs,

              v.

KAIQIAO WANG; KAISHENG REALTY THREE LLC; MARIA TIBAS; DAVID WANG also known as DAVID KAI QUIAO WANG; DAVID WANG; DEUTSCHE BANK NATIONAL TRUST COMPANY; OCWEN LOAN SERVING LLC; SAKINE OEZCAN; RAS BORISKIN LLC; JOHN DOE; JANE DOE,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

19-CV-7262 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiffs Johnny Ferreira and L. Enrique Lugo (collectively, "Plaintiffs") bring the instant action against Defendants Kaiqiao Wang, Kaisheng Realty Three, Maria Tibas, David Wang (a/k/a David Kai Quiao Wang), David Wang, Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing LLC, Sakine Oezcan, Ras Boriskin LLC, John Doe, and Jane Doe (collectively, "Defendants") seeking declaratory relief in connection with a state court property dispute. For the reasons set forth below, Plaintiffs' complaint is dismissed.

**BACKGROUND**

    This action arises out of a mortgage foreclosure proceeding commenced by Deutsche Bank bearing Index Number 21059/08, against Ferreira and non-party Jose Quinones as owners of a property located at 27-24 Curtis Street, East Elmhurst, New York 11369, Block: 1663-Lot:18. (Compl. ¶ 30, Ex. F., ECF No. 1). Following a March 27, 2009 foreclosure and sale of the property, judgment was entered, and a court-appointed referee transferred ownership of the property to Deutsche Bank. (*Id.* at 31.). Thereafter, Plaintiff Ferreira moved to vacate the default

judgment of foreclosure and sale, set aside the foreclosure sale, vacate the referee's deed, and dismiss the foreclosure proceedings entirely. (*Id.* ¶ 30.) By order dated May 16, 2011, the state court granted Ferreira's motion in its entirety. (*Id.*) Ferreira was subsequently reinstated to possession of the subject real property. (*Id.* ¶ 29.).

On May 30, 2019, Deutsche Bank and Ocwen Loan Servicing LLC issued a "faulty, fraudulent and non-qualifying special warranty deed" to Kaisheng Realty Three LLC to "illegally approp[r]iate Plaintiff's home in concert with Defendant(s)." (Compl. ¶ 7) On or about August 15, 2019, Kaisheng Realty initiated a holdover proceeding in Queens County Housing Court under Index Numbers: LT-065423-19/QU and 06524-19/QU, claiming ownership of the subject property. (*Id.* ¶ 8.)

## STANDARD OF REVIEW

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a case "aris[es] under the Constitution, laws, or treaties of the United States," or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The former, known as "federal question jurisdiction," "may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Relevant here, even where a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Federal Savings Bank,* 334 Fed. Appx. 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint). Indeed, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011).

## DISCUSSION

### I. Federal Question Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Cty. of Nassau, N.Y. v. Hotels.com, LP*, 577 F.3d 89, 91 (2d Cir. 2009). Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).

Here, Plaintiffs' claims do not arise under the United States Constitution or the laws of the United States. Rather, Plaintiffs seek this Court's intervention in a dispute with Defendants regarding the foreclosure of their property. However, it is well-settled that claims involving property disputes are fundamentally matters of state law, and as such, this Court lacks jurisdiction to grant the requested relief. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. Oct. 18, 2016) (summary order) (a district court lacks

jurisdiction to invalidate a foreclosure judgment); *Garvin v. Bank of N.Y.,* 227 F. App'x 7, 8 (2d Cir. 2007) (summary order) (same); *see also Hussian v. U.S. Bank Natl. Assn.*, No. 18 CV 3250, 2018 WL 2744725, at *2 (E.D.N.Y. June 7, 2018) (noting that judgments of foreclosure are matters of state law); *Hung v. Hurwitz*, No. 17 CV 4140, 2017 WL 3769223 at *2 (E.D.N.Y. Aug. 29, 2017); *Brown v. Bank of Am.*, No. 19-CV-6767, 2019 WL 6682245, at *1 (E.D.N.Y. Dec. 6, 2019) (noting that eviction and foreclosure claims are state law claims).

Additionally, although Plaintiffs cite to violations of 18 U.S.C. § 1341 (Fraud), 18 U.S.C. § 47 (Fraud and False Statements), the Sherman Act of 1890, the Clayton Act of 1914, and the Federal Trade Commission Act of 1914 in the complaint (*see*, *e.g.* Compl. 4.), none of these sources of law provide a basis for a colorable federal claim on the facts of this complaint. And, "[m]erely invoking the existence of some federal statute, without presenting facts or alleging a claim related to that statute, does not establish federal question jurisdiction." *Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 WL 5720810, at *7 (S.D.N.Y. Sept. 30, 2016) (citing *Chan Ah Wah v. HSBS Bank PLC*, No. 13-CV-4789, 2014 WL 2453304, at *2 (S.D.N.Y. June 2, 2014)); *Andrews v. Citimortgage, Inc.*, No. 14-CV-1534, 2015 WL 1509511, at *3 (E.D.N.Y. Mar. 31, 2015) (same).

## II.     Diversity Jurisdiction

Plaintiff also fails to demonstrate subject-matter jurisdiction based on diversity of citizenship. Under 28 U.S.C. § 1332 federal courts may exercise jurisdiction over state law claims where the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Such is not the case here, as Plaintiffs and Defendants are alleged to be citizens of New

York. (Compl. ¶¶ 2-5.) Accordingly, the Court lacks subject-matter jurisdiction over Plaintiffs' claims.

*   *   *

Finally, to the extent Plaintiffs seek reconsideration of the Court's order denying their request for a preliminary injunction to stay the holdover proceedings in state court, the Anti-Injunction Act precludes such relief. *Hanspal v. J.P. Morgan Chase Bank, N.A.,* No. 18 CV 0295, 2019 WL 4696315, at *5 (E.D.N.Y. Sept. 26, 2019); *see also Allen v. N.Y. City Hous. Auth.,* No. 10 Civ. 168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases) (the Anti–Injunction Act bars a federal court from enjoining state-court eviction proceedings).

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for reconsideration of the Court's order denying the request to stay the state court proceedings is DENIED. Plaintiffs' complaint is dismissed in its entirety, without prejudice, for lack of subject matter jurisdiction.

Although Plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and in forma pauperis status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

In light of their pro se status, Plaintiffs are granted leave to file an amended complaint within 30 days from the entry of this memorandum and order. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this memorandum and order. Failure to file an amended complaint

within 30 days, as directed by this memorandum and order, will result in dismissal of Plaintiffs'

case for failure to prosecute.

                                                                           SO ORDERED.

Dated: Brooklyn, New York                    /s/ LDH
       November 30, 2020                   LaSHANN DeARCY HALL
                                                          United States District Judge